UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Bernard R. Cardella, Lorne Brown,                    COMPLAINT
John Collins, and Jeffrey J. Guynup, as
Trustees of the International Association
Of Heat and Frost Insulators and Allied
Workers Local No. 40 Pension Plan,
International Heat and Frost Insulators
and Allied Workers Local 40 Welfare Plan,
and Local No. 40 International Association
of Heat and Frost Insulators and Allied
Workers Annuity Plan; Jeffrey J. Guynup,
as Trustee of the Joint Asbestos Training
and Educational Trust a/k/a IAHFIAW Local
40 Apprenticeship Fund, the Industry Service
Fund, and the International Association of
Heat and Frost Insulators and Allied
Workers Local # 40

                      Plaintiffs,          Case No. 1:13-CV-368 [GTS/CFH]

-against-

Eastern Regional Contracting, Inc.
And Edward J. Sutton,

Defendants.
_____

    Plaintiffs, by their attorney Robert S. Catapano-Friedman, Esq., of Robert S. Catapano-Friedman, P.C., allege for their Complaint as follows:

                    JURISDICTION AND VENUE

    1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1001 <u>et seq.</u> (hereinafter "ERISA"). It is an action by fiduciaries of employee benefit plans for

1

monetary and injunctive relief to redress violations of Sections 404, 406 and 515 of ERISA (29 U.S.C. Sections 1104, 1106, and 1145).

2.  Jurisdiction is conferred on this Court by Section 502(a)(3) and (e) of ERISA (29 U.S.C. Section 1132(a)(3) and (e)), without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA (29 U.S.C. Section 1132(f)).

3.  Venue is established in this Court by Section 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)).  It is an action brought in the district where the plans are administered and where the breach took place.

4.  This action also arises under Section 301(a) of the Labor-Management Relations Act of 1947, as amended (the "Act") (29 U.S.C. Section 185(a)).  It is a suit for, among other matters, violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined by the Act, brought by the labor organization and by third party beneficiaries of the aforesaid contract, the Plaintiffs.

5.  Thus, jurisdiction is also conferred upon this Court, without respect to the amount in controversy and

without regard to the citizenship of the parties, by Section 301 of the Act (29 U.S.C. Section 185(a)) and by 28 U.S.C. Section 1337.

## THE PARTIES

6. Plaintiffs, Bernard R. Cardella, Lorne Brown, John Collins, and Jeffrey J. Guynup are Trustees of the International Association of Heat and Frost Insulators and Allied Workers Local No. 40 Pension Plan (hereinafter the "Pension Fund"), International Heat and Frost Insulators and Allied Workers Local 40 Welfare Plan (hereinafter the "Welfare Fund"), and Local No. 40 International Association of Heat and Frost Insulators and Allied Workers Annuity Plan (hereinafter the "Annuity Fund") that cover participants in the aforesaid Pension, Welfare and Annuity Funds (hereinafter these three funds are referred to in the aggregate as the "Benefit Funds").

7. Plaintiff Jeffrey J. Guynup is also a Trustee and authorized representative of the Joint Asbestos Training and Educational Trust a/k/a IAHFIAW Local 40 Apprenticeship Fund (hereinafter referred to as the "Apprenticeship Fund") (the Apprenticeship Fund, Plaintiff Industry Service Fund and the Benefit Funds are hereinafter referred to in the

aggregate as the "Funds").

8. Plaintiffs, Bernard R. Cardella, Lorne Brown, John Collins, and Jeffrey J. Guynup are also fiduciaries of the various Funds for which they are trustees, as defined in Section 3(21)(A) of ERISA (29 U.S.C. Section 1002(21)(A)).

9. The Funds are administered within the Northern District of New York at 890 Third Street, Albany, New York 12206.

10. Plaintiff International Association of Heat and Frost Insulators and Allied Workers Local # 40(the "Union") is the labor organization party to a collective bargained agreement between the Union and Insulation Contractors, of which Defendant Eastern Regional Contracting, Inc. is a part(hereinafter "Working Agreement", relevant portions of which are attached hereto as Exhibit A), and to which Working Agreement Defendant Eastern Regional Contracting, Inc. is a signatory.

11. The Union is headquartered within the Northern District of New York at 890 Third Street, Albany, New York 12206.

12. The Funds are multiemployer plans within the

meaning of Section 3(37) of ERISA (29 U.S.C. Section 1002(37)), and are employee benefit plans within the meaning of Section 3(3) of ERISA (29 U.S.C. Section 1002(3)).

13.  Upon information and belief, Defendant Eastern Regional Contracting, Inc.(hereinafter "EASTERN" or "Defendant") is a corporation organized under the laws of the State of New York, having its principal place of business located at 2114 Broadway, Watervliet, New York 12189.

14.  EASTERN is an employer in an industry affecting commerce as defined in Section 3(5), (11), and (12) of ERISA (29 U.S.C. Section 1002(5), (11), and (12)).

15.  EASTERN is also an employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to a collective bargaining agreement, as defined in Section 3(3) and (37) of ERISA (29 U.S.C. Section 1002(3) and (37)) and is obligated to make contributions to the Funds in accordance with Section 515 of ERISA (29 U.S.C. Section 1145) and in accordance with the provisions of the Working Agreement.

16.  On information and belief Defendant Edward J.

Sutton (hereinafter "Sutton" and in the aggregate EASTERN and Sutton are hereinafter referred to as "Defendants") is an individual who resides in the State of New York at 2114 Broadway, Watervliet, New York 12189 and who is the Chief Executive Officer of and owns substantially all of the stock of EASTERN and who controls EASTERN.

## FIRST CAUSE OF ACTION

## ERISA COUNT

17. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 16 hereinabove as if fully set forth herein.

18. Section 515 of ERISA (29 U.S.C. Section 1145) provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. At all times relevant hereto, EASTERN was party to a collective bargained agreement with the Union and the Insulation Contractors, known herein as the Working Agreement.

20. Pursuant to the Working Agreement, EASTERN is

bound by the terms and conditions of the Working Agreement and of each of the Funds, inclusive of the Declaration of Trust for each Fund.

21. The Working Agreement and the Funds obligate EASTERN to submit reports and make contributions to the Funds.

22. The Working Agreement and the Funds provide that EASTERN will provide accurate reports of and pay stipulated contributions to the Funds for each hour EASTERN's employees who are Union members worked in covered employment.

23. EASTERN has failed and refused and continues to fail and refuse to remit the contributions to the Funds as required by the Working Agreement and by the Funds.

24. Pursuant to the terms of the Working Agreement and of 29 U.S.C. Section 1132(g)(2), EASTERN is liable to the Funds for its failure to timely remit the aforesaid contributions to the Funds for (i) the amount of contributions and benefits due and owing, (ii) interest on the delinquent contributions at the rate of one and a half percent(1.5%) percent per month for the outstanding payments to the Benefit Funds, (iii) liquidated damages in

an amount equal to 20% per annum of the delinquent contributions, (iv) a ten (10%) percent per month penalty for late payment, and (v) costs of collection, including reasonable attorneys' and audit fees and costs of this action; and under 29 U.S.C. Section 1132(a)(1)(3) the Plaintiff Fund fiduciaries are empowered to bring this action to enjoin EASTERN's violations of 29 U.S.C. Section 1145 and to obtain all other appropriate relief to address said violations and to enforce the contribution requirements of 29 U.S.C. Section 1145.

25. EASTERN has failed and continues to fail to make the payments to the Funds for covered employees required by the Working Agreement, the Funds and ERISA, as further specified in Paragraph 24 hereinabove, for the months of January 2013 through February 2013. EASTERN owes a total of $70,882.48 for contributions overdue to the Funds, plus monthly interest and penalties for the past due payments to the Funds totaling $ 7,472.34 for penalties alone as of April 1, 2013 and continuing to accrue throughout this action, plus liquidated damages equal to 20% of the aggregate $70,882.48 contributions owing to the Funds, a total amount of liquidated damages equal to $ 14,176.50,

all to the continuing damage and detriment of the Funds.

26. If EASTERN is not enjoined from continuing to violate ERISA and breaching the terms of The Working Agreement and the Funds, Plaintiffs will be further damaged in ways and amount that cannot be accurately measured in terms of money, either as to the extent or the amount.

27. Unless EASTERN is enjoined from violating ERISA and breaching the terms of the Working Agreement and the Funds, it is likely that it will continue to fail to remit the past due contributions and future required contributions, causing the Plaintiffs and beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries. A mere money judgment, though necessary and requested herein, is, in and of itself, thus, an inadequate remedy at law.

28. Due to EASTERN's failure to comply with its obligations under the Working Agreement and the Funds, the corpus of the Funds have been reduced, their income has been reduced and their ability to pay benefits has been reduced, thereby endangering the stability and soundness of

the Funds and causing the Funds to suffer irreparable harm, especially should other signatory employers to the Working Agreement fail in their responsibilities to remit contributions owing.

29. Because of EASTERN's failure to remit contributions, Fund beneficiaries may have their Fund benefits reduced or terminated, thereby causing them irreparable harm.

30. As long as EASTERN continues to fail and refuse to comply with its obligations to the Funds, other signatory employers who are meeting their contribution obligations are unduly and unfairly burdened by EASTERN's failure, and are shouldering an undue burden in providing the Funds with adequate monies to pay promised benefits on an ongoing basis, acting as a disincentive for these employers from continuing to meet their contribution obligations and causing the Funds further irreparable harm and damage.

31. For the foregoing reasons, the Plaintiffs are without an adequate remedy at law and will suffer serious, substantial and irreparable injury and damage unless, in addition to monetary damages, the Defendant EASTERN is

enjoined from violating ERISA and the terms of the Working Agreement and of the Funds.

## SECOND CAUSE OF ACTION

### LABOR-MANAGEMENT RELATIONS ACT COUNT

32. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 31 hereinabove as if fully set forth herein.

33. The Union is a direct party to the Working Agreement and the Funds are third party beneficiaries of EASTERN's obligations to make contributions and reports under the Working Agreement.

34. EASTERN owes the Plaintiff Union $ 7,798.99 in past due union dues that were required to be, and, on information and belief, were to be paid by EASTERN for the months of January 2013 through February 2013 in accordance with the provisions of the Working Agreement.

35. 29 U.S.C. Section 185(a) empowers the Plaintiffs to recover the aforesaid delinquent contributions owing to the Funds and to the Union and to obtain injunctive relief against EASTERN against violating the Working Agreement and the Act under the aforesaid facts.

36. EASTERN has failed and refused and continues to

fail and refuse to remit the contributions to the Funds and the Union as required by the Working Agreement and by the Funds.

37.  Pursuant to the terms of the Working Agreement and of 29 U.S.C. Section 185(a), EASTERN is liable to the Funds and the Union Funds for its failure to timely remit the aforesaid contributions to the Funds and to the Union for the amount of contributions due and owing as well as for interest and other damages and for costs of collection, including reasonable attorneys' and audit fees and costs of this action.

38.  EASTERN has failed and continues to fail to make the payments to the Funds and the Union for covered employees required by the Working Agreement, the Funds and the Act, as further specified in Paragraph 37 hereinabove, for the months beginning in January 2013 through February 2013, in the aggregate amounts stated hereinabove plus applicable interest, penalties, liquidated damages and other damages and costs of collection, all to the continuing damage and detriment of the Funds and the Union.

39.  If EASTERN is not enjoined from continuing to violate the Act and breaching the terms of The Working

Agreement and the Funds, Plaintiffs will be further damaged in ways and amount that cannot be accurately measured in terms of money, either as to the extent or the amount.

40.     Unless EASTERN is enjoined from violating the Act and breaching the terms of the Working Agreement and the Funds, it is likely that it will continue to fail to remit the past due contributions, causing the Plaintiffs and beneficiaries of the Funds and the Union to incur additional serious and irreparable harm by further burdening and obstructing the operation of the Funds and the Union and endangering the payment of promised benefits from the Funds to qualified beneficiaries and the use of Union dues for their intended purposes.  A mere money judgment, though necessary and requested herein, is, in and of itself, thus, an inadequate remedy at law.

41.     Due to EASTERN's failure to comply with its obligations under the Working Agreement and the Funds, the corpus of the Funds and of the Union have been reduced, their income has been reduced and their ability to pay benefits and achieve Union objectives has been diminished, thereby endangering the stability and soundness of the Funds and causing the Funds and the Union to suffer

irreparable harm.

42. Because of EASTERN's failure to remit contributions, Fund and Union beneficiaries may have their Fund and Union benefits reduced, thereby causing them irreparable harm.

43. As EASTERN continues to fail and refuse to comply with its obligations to the Funds and the Union, other employers signatory to the Working Agreement who are meeting their contribution obligations are unduly and unfairly burdened with providing moneys to the Funds and the Union, acting as a disincentive for their ongoing compliance and tending toward depriving the Funds and the Union of adequate monies to pay promised benefits on an ongoing basis, causing them further irreparable harm.

44. For the foregoing reasons, the Plaintiffs are without an adequate remedy at law and will suffer serious, substantial and irreparable injury and damage unless, in addition to the monetary damages requested herein, the Defendant EASTERN is enjoined from violating the Act and the terms of the Working Agreement and of the Funds.

## THIRD CAUSE OF ACTION

## ALTER EGO COUNT

45. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 44 hereinabove as if fully set forth herein.

46. On information and belief EASTERN was insufficiently capitalized by Sutton and Sutton on many occasions failed to observe the formalities of corporate existence with respect to EASTERN, including, without limit, by using its assets for personal purposes and by commingling EASTERN's assets with his own in an effort to bypass and defraud EASTERN's creditors, especially Plaintiffs.

47. Plaintiffs have suffered and will suffer substantial damages because of Sutton's inadequate capitalization of EASTERN and his failure to respect its separate existence because they may be unable to collect the aforesaid contributions owing to the Funds and to the Union by EASTERN unless Sutton is held individually responsible and liable to Plaintiffs for the amounts owing to Plaintiffs by EASTERN.

48. As the alter ego of EASTERN, Sutton is liable to

Plaintiffs for the amounts owed to Plaintiffs by EASTERN and it is appropriate for this Court to pierce EASTERN's corporate veil and hold Sutton liable to Plaintiffs for the aforesaid amounts owing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1. On Plaintiffs' First Cause of Action, Judgment against Defendant EASTERN for (i) the amount of contributions due and owing to the Funds by EASTERN, (ii) interest on the delinquent contributions at the rate of one and a half percent (1.5 %) per month for the outstanding payments to the Funds,(iii) liquidated damages equal to 20% of the amount of the delinquent contributions, and (iv) a monthly penalty of 10% of the contributions that were unpaid and past due, and (v) costs of collection, including reasonable attorneys' and audit fees and costs of this action.

Further, Plaintiffs demand a permanent injunction against Defendant EASTERN against violating ERISA, the Working Agreement, and the terms of the Funds and directing Defendant EASTERN to perform its obligations to the Funds,

specifically directing it to furnish immediately the required monthly remittances to Plaintiffs, and, at Defendant's expense providing Plaintiffs access to Defendant's books and records for an audit and examination relating to the employment of its employees, including, but not limited to, weekly payroll records, payroll journals and quarterly employer reports for various federal and state agencies.

    2.  On Plaintiffs' Second Cause of Action, Judgment against Defendant EASTERN for (i) the amount of contributions due and owing to the Funds and the Union by EASTERN, (ii) interest on the delinquent contributions at the rate one and a half percent (1.5%) per month for the outstanding payments to the Funds and the Union and (iii) costs of collection, including reasonable attorneys' and audit fees and costs of this action.

    Further, Plaintiffs demand a permanent injunction against Defendant EASTERN specifically directing it to immediately furnish the unproduced required monthly remittances to Plaintiffs, and, at Defendant's expense providing Plaintiffs access to Defendant's books and records for an audit and examination relating to the

employment of its employees, including, but not limited to, weekly payroll records, payroll journals and quarterly employer reports for various federal and state agencies.

3. On Plaintiff's Third Cause of Action, Plaintiffs demand judgment against Sutton for all of the money amounts and other relief requested in each of the First and Second Causes of Action of this Complaint.

On all causes of action, Plaintiffs request such further relief the Court deems equitable and just.

Respectfully submitted,


By: /s/ Robert S. Catapano-Friedman
    Robert S. Catapano-Friedman, Esq.
    Robert S. Catapano-Friedman, P.C.
    Attorney for Plaintiffs
    Office and Post Office Address
    11 N. Pearl St., Suite 1609, Box 45
    Albany, New York 12207
    Bar Roll No. 506301
    (518) 463-7501 (phone)
    (518) 463-7502 (telefax)
    catapan@inbox.com (email)


Dated: April 3, 2013

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the Federal Rules of Civil Procedure, the Court is advised that Robert S. Catapano-Friedman, Esq. is hereby designated as trial counsel.

```
                    By:  /s/ Robert S. Catapano-Friedman
                         Robert S. Catapano-Friedman, Esq.
                         Robert S. Catapano-Friedman, P.C.
                         Attorney for Plaintiffs
                         Office and Post Office Address
                         11 N. Pearl St., Suite 1609, Box 45
                         Albany, New York 12207
                         Bar Roll No. 506301
                         (518) 463-7501 (phone)
                         (518) 463-7502 (telefax)
                          catapan@inbox.com (email)
```

Dated: April 3, 2013